LEONARDO M. RAPADAS
United States Attorney
TIMOTHY E. MORAN
Assistant United States Attorneys
DISTRICT OF THE NORTHERN
  MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950
Telephone: (670) 236-2982
Fax: (670) 236-2985

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07- |
| Plaintiff, | MG-07-00031 |
| v. | PLEA AGREEMENT |
| DIANNE MARIE R. SABLAN, | |
| Defendant. | |

Under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA and Defendant, DIANNE MARIE R. SABLAN, have reached the following agreement:

1. Defendant will waive indictment and plead guilty to an Information, which charges Defendant with a violation of Title 18, United States Code, Section 371, in connection with a conspiracy to commit offenses against the United States, to wit, to submit false, fictitious and fraudulent claims against the United States in violation of Title 18, United States Code, Section 287, and to aid, assist, counsel, procure and advise tax fraud in violation of Title 26,

United States Code, Section 7206(2), from in or about March, 2006 through April, 2007, in the District of the Northern Mariana Islands.

    a.    Defendant agrees that the time between the filing of this plea agreement and the date Defendant is sentenced following the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

    b.    Upon execution of this Agreement, Defendant will cooperate with the United States as follows:

        i.    Defendant will meet with government representatives as often as necessary to provide information, answer questions, prepare for court or other official proceedings, and such other purposes as deemed necessary by the government to fulfill his/her responsibilities under this Agreement;

        ii.    Defendant will appear and testify in any and all legal proceedings, including, but not limited to, grand jury, pre-trial, trial, re-trial, and sentencing proceedings; and

        iii.    Defendant understands that any and all statements, information, and testimony that he provides must at all times be complete and truthful. If, at any time, Defendant willfully provides statements, information, or testimony that is less than complete and truthful, Defendant shall be subject to prosecution for doing so, including, but not limited to, prosecution for making a false statement, obstruction of justice, and perjury.

2.    In exchange for Defendant's plea of guilty, the government will recommend that the Court impose the following sentence:

    a.    The government will recommend that the Court impose a term of imprisonment within the range provided by the United States Sentencing Guidelines ("U.S.S.G." or "guidelines"), not including probation or a split-sentence even if provided by the guidelines,

-2-

provided that Defendant does not seek a sentence below the guidelines range for any reason.

  b. The government is free to recommend any combination and amount of supervised release, fines and restitution which it deems appropriate.

  c. If the government, in its sole discretion, determines that Defendant has provided substantial assistance in the investigation or prosecution of another person, the government will file a motion under § 5K1.1 of the guidelines asking the Court to impose a sentence below the guideline range. Defendant understands that the substantial assistance determination is solely up to the Office of the United States Attorney. Defendant also understands that the Court alone makes all sentencing decisions, including the sentence to be imposed. The government makes no promise or representation about what sentence it will recommend if it makes such a determination or what sentence the Court will impose.

3. For purposes of determining the offense level under the guidelines:

  a. The government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) provided Defendant continues to demonstrate acceptance of responsibility through sentencing.

  b. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If, and only if, Defendant

    1. pleads guilty pursuant to this Agreement;

    2. on or before the date scheduled by the Court; and

    3. the offense level is 16 or greater;

the government will move the Court for an additional one-level decrease in the offense level under U.S.S.G. § 3E1.1(b)(2).

-3-

      c.    Except as provided in paragraphs 3 and 4, the parties have made no agreement concerning the guidelines or their application to this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

  4.    The parties stipulate and agree to the following fact:

      a.    That U.S.S.G. § 2T1.1 is applicable; and

      b.    That the loss to the United States was between $30,000 and $80,000

  5.    Defendant understands that the guidelines are not binding on the Court. The Court must consult the guidelines but they are only advisory. Defendant also understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations or agreements concerning facts, the offense level or adjustments under the guidelines, or the government's recommendations. The Court, in its discretion, may impose any reasonable sentence up to and including the maximum penalties set by law after taking into account the factors enumerated in 18 U.S.C. § 3553(a). Defendant is further advised and further understands that even if the Court's guideline determinations and sentence are different that Defendant expects, Defendant will not be allowed to withdraw his plea of guilty.

  5    The maximum statutory penalties for the offense to which Defendant is pleading guilty are:

      a.    Five years' imprisonment;

      b.    a fine of $250,000 or the greater of twice the loss to the United States or the gain to Defendant;

    c.    a term of supervised release of three years; and

    d.    a mandatory special assessment of $100.

6. Defendant agrees to pay the mandatory special assessment by returning this signed Plea Agreement to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court.

7. Defendant is advised and understands that to establish a violation of Title 18, United States Code, Section 371, conspiracy to commit offenses against the United States, as charged in Count One of the Information, the government must prove each of the following elements beyond a reasonable doubt:

    a.    First, beginning in or about March, 2006, and ending in or about April, 2007, there was an agreement between two or more persons to commit at least one crime as charged in the Information;

    b.    Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

    c.    Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

8. Defendant is advised and understands that he has the following rights:

    a.    the right to plead not guilty and to persist in that plea;

    b.    the right to a jury trial;

    c.    the right to be represented by counsel – and if necessary have the Court appoint counsel to represent Defendant -- at trial and every other stage of the proceeding;

    d.    the right at trial to confront and cross-examine adverse witnesses;

  e. the right at trial to compel the attendance of witnesses;

  f. the right at trial to be protected from compelled self-incrimination;

  g. the right at trial to testify and present evidence but only if Defendant chooses to do so.

Defendant is further advised and understands that, if she pleads guilty and the Court accepts the plea, she waives all of these trial rights.

9. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer without limitation any questions asked by the Court.

10. Defendant understands that she may have the right to file a direct appeal from the sentence imposed by the Court. Defendant knowingly and voluntarily waives the right to file a direct appeal if the sentence imposed by the Court is within or below the guideline range. Defendant further understands that other procedures may be available to challenge her conviction or sentence. Defendant also knowingly and voluntarily waives the right to file post-conviction relief actions, including actions under 28 U.S.C. §§ 2255 and 2241, coram nobis actions, and motions to reconsider or reduce her sentence. This waiver, however, does not prevent Defendant from challenging the effectiveness of her attorney after conviction.

11. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty,

fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice as defined in U.S.S.G. § 3C1.1, and does not commit any new offenses.

13. Defendant understands that if she violates this agreement in any way, the government shall consider the agreement to have been breached. In that event, Defendant shall not have the right to withdraw her guilty plea. The government, however, will be released from its obligations and restrictions imposed by the agreement. The government may, in its sole discretion and without limitation, proceed with any one or more of the following steps:

    a. go forward with the guilty plea and sentencing;

    b. make any and all sentencing recommendations that it deems appropriate;

    c. treat the agreement as a nullity, that is, as though the parties had never entered into it, withdraw the agreement, and go to trial on the information;

    d. pursue additional charges against Defendant; and

    e. use against Defendant, in this and in any other prosecution or proceeding, any and all information, statements, and testimony -- including the stipulations made in this agreement -- that she has provided at any time to government representatives, the grand jury, or to the Court.

14. This agreement is limited to the District of the Northern Mariana Islands. It does not bind any other federal, state, or local authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter

this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Defendant understands that, pursuant to 18 U.S.C. § 3143(a), she is not eligible for release pending sentencing.

17. Counsel for Defendant states that she has read this agreement, been given a copy of it for her file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that she has read the agreement or has had it read to her, has discussed it with her Counsel, understands it, and agrees to its provisions.

DATED: May 17, 2007

DIANNE MARIE R. SABLAN
Defendant

DATED: 05/17/07

Joey Patrick San Nicolas, Esq.
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands

DATED: 5/22/07

TIMOTHY E. MORAN
Assistant U.S. Attorney

-8-